**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.: |
| | ) | |
| PARK RIDGE REAL ESTATE INVESTMENTS, | ) | |
| INC. D/B/A RE/MAX PROPERTIES | ) | |
| NORTHWEST, DOROTHY ELLIS, and | ) | |
| ELZBIETA SOFER, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, TWIN CITY FIRE INSURANCE COMPANY ("Twin City") by its attorneys, Michael J. Duffy and Ashley L. Conaghan of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendants, PARK RIDGE REAL ESTATE INVESTMENTS, INC. D/B/A RE/MAX PROPERTIES NORTHWEST ("Re/Max"), DOROTHY ELLIS ("Ellis"), and ELZBIETA SOFER ("Sofer"), states as follows:

**STATEMENT OF CASE**

1.      This action seeks a declaration that Twin City owes no insurance coverage obligations to Re/Max and Ellis in connection with circumstances and certain claims made against them set forth in a lawsuit styled as *Elzbieta Sofer v. Re/Max Properties Northwest and Dottie Ellis*, Case No. 2016-L-005672, currently pending in the Circuit Court of Cook County, Illinois (hereinafter the "*Sofer* suit").   A copy of the complaint in the *Sofer* suit is attached hereto as Exhibit A.

2183953v.1

**JURISDICTION AND VENUE**

2.     Twin City is an insurance company formed under the laws of the State of Indiana with its principal place of business in Connecticut.

3.     Defendant Re/Max is an Illinois corporation with its principal place of business in Cook County, Illinois.

4.     Defendant Ellis is a citizen of Illinois.

5.     Defendant Sofer is a citizen of Illinois.  Sofer is joined solely as an interested party to be bound by the judgment rendered by this Court.

6.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Defendants, who do business or reside within this District, and because this case involves coverage under certain insurance policies issued in this District of circumstances and claims described in a suit pending within the geographical boundaries of this District arising from events that happened in this District.

**FACTS**

8.     Upon information and belief, at least as of April 13, 2016, Re/Max was notified that one of its representatives, Ewa Kalembasa ("Kalembasa"), had converted buyers' earnest money in connection with certain sham sales contracts.

2183953v.1

9.      On or about April 16, 2016, Sofer first contacted Re/Max and demanded the return of Sofer's earnest money given to Kalembasa in connection with the sale of certain property.

10.     In a letter dated May 2, 2016, Re/Max and Ellis first reported Kalembasa's conversion of earnest funds scheme and Sofer's claim to Twin City.

11.     On or about June 7, 2016, Sofer filed the *Sofer* suit. (See, Ex. A).

12.     On or about August 31, 2016, Re/Max and Ellis received a disciplinary complaint filed by the Illinois Department of Financial and Professional Regulation ("IDFPR") against Kalembasa, Re/Max and Ellis (hereinafter the "IDFPR Complaint").   A copy of the IDFPR Complaint is attached as Exhibit B.

13.     On or about August 31, 2016, Re/Max and Ellis tendered the IDFPR Complaint to Twin City.

14.     On or about September 20, 2016, Re/Max was served in the *Sofer* suit and tendered the *Sofer* suit to Twin City.

15.     Twin City issued a Real Estate Errors and Omissions Liability Policy to Re/Max effective from September 1, 2015 to September 1, 2016 and a Policy effective from September 1, 2016 to September 1, 2017 which is cancelled effective December 28, 2016 (referred to collectively as "the Policies")(referred to as "the Policies"). True copies of the Policies are attached as Exhibits C and D respectively.

16.     The Policies provide, in part, as follows:

**REAL ESTATE ERRORS AND OMISSIONS LIABILITY POLICY**

NOTICE – THIS IS A CLAIMS MADE AND REPORTED POLICY.

3

PLEASE READ IT CAREFULLY.

COVERAGE APPLIES ONLY TO CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD OR APPLICABLE EXTENDED REPORTING PERIOD AND REPORTED IN WRITING TO US IMMEDIATELY BUT IN NO EVENT LATER THAN SIXTY (60) CALENDAR DAYS AFTER THE EXPIRATION DATE OF THE POLICY PERIOD OR WITHIN ANY APPLICABLE EXTENDED REPORTING PERIOD.

All words or phrases (other than captions) that appear in bold face are defined in **SECTION I: B. DEFINITIONS**. The descriptions in the headings and subheadings of this policy are solely for convenience and form no part of the terms, conditions, exclusions and limitations of this policy.

Throughout the policy the words "you" and "your" refer to the **named insured**. The words "we," "us" and "our" refer to the company providing this insurance as shown in the Declarations.

In consideration of the payment of the premium as set forth in the Declarations, and in reliance upon the statements, representations, and warranties in the application which are part of this policy, and subject to the **limits of liability** as set forth in the Declarations and to all the exclusions, conditions, and other terms of the policy, we agree with you as follows:

## SECTION I:  SCOPE OF COVERAGE

**A.**     **COVERAGE AGREEMENT**

We will pay on behalf of **an insured**, subject to the **limit of liability**, such **damages** in excess of the applicable deductible for **claims** being made during the **policy period** or applicable **extended reporting period** and reported in writing to us immediately, but in no event later than sixty (60) calendar days after the expiration date of the **policy period** or within any applicable **extended reporting period**. The **damages** must arise out of a negligent act, error, omission or **personal injury** in the rendering of or failure to render **professional real estate services** for others by you or on your behalf provided always that the negligent act, error, omission or **personal injury** occurs on or after the **retroactive date** as stated in the Declarations.

4

B.    **DEFINITIONS**

Whenever used in the policy:

\*        \*        \*

2.    **Claim** means:

    a.    a demand received by an **insured** for money or services, or

    b.    service or receipt of a suit or any alternative dispute resolution proceeding (including, without limitation, an arbitration),

in which **damages** that arise out of a negligent act, error, omission or **personal injury** in the rendering of or failure to render **professional real estate services** for others by you or on your behalf are claimed.

\*        \*        \*

4.    **Damages** mean compensatory damages, that an **insured** becomes legally obligated to pay as a result of any judgment, award or settlement, provided any settlement is negotiated with our assistance and approval.

**Damages** do not include:

    a.    Any fines, sanctions or penalties, or punitive or exemplary damages; or

    b.    Restitution, reduction, or set off of any fees, other consideration, and/or expenses paid to or charged by an **insured** for **professional real estate services**; or

    c.    Any amounts which are a multiple of compensatory damages awarded against an insured; or

    d.    Matters deemed uninsurable by law; or

5

     e.      Equitable, injunctive or other non-monetary relief.

            \*       \*       \*

7.      **Insured** means:

     a.      The **named insured**; and

     b.      Any person who was, is now or hereafter becomes a principal, partner, officer, director, employee, principal shareholder or member of yours; and

     c.      Any of your employees, agents, or personal assistants, including any independent contractors; and

8.      **Limit of liability** means the most that we will pay for all **damages** for all **claims** to which this insurance applies pursuant to **SECTION I: D. LIMITS OF LIABILITY AND DEDUCTIBLE.**

            \*       \*       \*

11.     **Policy period** means the period from the inception date of this policy to the policy expiration date as stated in the Declarations or the date of cancellation, whichever is earliest.

            \*       \*       \*

14.     **Professional real estate services** means services performed by you or on your behalf for others as a real estate agent, real estate broker, real estate salesperson, real estate personal assistant, real estate independent contractor, real estate consultant or counselor, real estate leasing agent, real estate property manager, business broker, **short-term escrow agent** or auctioneer of real property.

     **Professional real estate services** also includes services performed by you or on your behalf for others as a notary public or member of a formal

real estate accreditation, real estate standards review or similar real estate board or committee.

\* \* \*

**D. LIMITS OF LIABILITY AND DEDUCTIBLE**

Regardless of the number of **insureds** under this policy, the number of persons or organizations seeking **damages**, the number of **claims** made or the number of **extended reporting periods** purchased, our liability is limited as follows:

1. **Limits of liability**

   a. The amount stated in the Declarations as applicable to each **claim** is the most we will pay for all **damages** arising out of the same or related negligent acts, errors, omissions or **personal injury**. All **claims** arising out of the same or related negligent acts, errors, omissions or **personal injury** will be deemed to have been made when the first of such **claims** is made whether such demands are made against one or more **insureds** or whether such demands are made by one or more persons and will be treated as a single **claim**.

   b. The amount shown in the Declarations, as the aggregate limit is the most we will pay for all damages for all claims to which this insurance applies.

\* \* \*

**SECTION II: EXCLUSIONS**

This insurance does not apply to **claims**:

\* \* \*

7. Arising out of the inability or failure to pay, collect or safeguard funds held or to be held for others or any conversion, misappropriation, commingling or defalcation of funds or other property.

7

\*     \*     \*

21.    Arising out of a negligent act, error, omission or **personal injury** occurring prior to the inception date of this policy if any **insured** prior to the inception date knew or could have reasonably foreseen that such negligent act, error, omission or **personal injury** might be expected to be the basis of a **claim**.

\*     \*     \*

17.    Re/Max and Ellis have demanded that Twin City defend and indemnify them under the Policies with respect to the claims in the *Sofer* suit.

18.    Twin City denies that it owes Re/Max or Ellis any defense or indemnity obligations with respect to the claims against them in the *Sofer* suit.

19.    An actual and justiciable controversy exists between Twin City and Defendants as to the availability of insurance coverage for Re/Max and Ellis with respect to the *Sofer* suit under the Policies and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I
### No Coverage for the *Sofer* Suit Under the Insuring Agreement of the Policies

20.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 19 above as if fully set forth herein.

21.    Subject to all of their terms, the Policies provide coverage for "damages" arising out of a negligent act, error or omission in the rendering of or failure to render "professional real estate services" as those terms are defined and used in the Policies.

8

22.     The *Sofer* suit does not concern claims for "damages" arising out of a negligent act, error or omission in the rendering of or failure to render "professional real estate services" as those terms are defined and used in the Policies.

23.     Accordingly, Twin City has no duty to defend or indemnify Re/Max and/or Ellis for the claims against them in the *Sofer* suit.

WHEREFORE, Plaintiff, Twin City, prays that this Court enter the following relief:

A.      A declaration finding that Twin City owes no duty to defend or indemnify Re/Max and/or Ellis for the claims against them in the *Sofer* suit; and

B.      For all such just and equitable relief, including costs of this suit.

**COUNT II**
**Failure to Pay, Collect or Safeguard Funds Exclusions Preclude Coverage for the *Sofer* Suit**

24.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 19 above as if fully set forth herein.

25.     Subject to all of their terms, the Policies do not apply to "claims" "arising out of the inability or failure to pay, collect or safeguard funds held or to be held for others or any conversion, misappropriation, commingling or defalcation of funds or others property."

26.     The claims in the *Sofer* suit fall within the Failure to Pay, Collect or Safeguard Funds Exclusions.

27.     Therefore, Twin City has no duty to defend or indemnify Re/Max and/or Ellis for the claims against them in the *Sofer* suit.

WHEREFORE, Plaintiff, Twin City, prays that this Court enter the following relief:

A.      A declaration finding that Twin City owes no duty to defend or indemnify Re/Max and/or Ellis for the claims against them in the *Sofer* suit; and

9

B.     For all such just and equitable relief, including costs of this suit.

**COUNT III**
**No Coverage for Uncovered "Damages" in the *Sofer* Suit**

28.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 19 above as if fully set forth herein.

29.     Subject to all of their terms, the Policies only require that the insurer pay "damages" as that term is defined and used under the Policies.

30.     The *Sofer* suit seeks punitive and exemplary damages which are not covered "damages" under the Policies or insurable under Illinois public policy.  Therefore, there is no coverage for these sums.

WHEREFORE, Plaintiff, Twin City, prays that this Court enter the following relief:

A.     A declaration finding that Twin City owes no coverage for the punitive or exemplary damages sought in the *Sofer* suit; and

B.     For all such just and equitable relief, including costs of this suit.

**COUNT IV**
**No Coverage for the *Sofer* Suit under the 2016-2017 Policy**

31.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 19 above as if fully set forth herein.

32.     Subject to all of its terms, the 2016-2017 Policy only applies to claims first made and reported in the policy period.  Furthermore, the Policy provides that "all 'claims' arising out of the same or related negligent acts, errors omissions or 'personal injury' will be deemed to have been made when the first of such 'claims' is made […] and will be treated as a single 'claim.'"

10

33.     A "claim" was first made in April 2016 during the 2015-2016 policy period.

34.     The claims in the *Sofer* suit arise out of the same or related acts as the April 2016 claim. Thus, the *Sofer* suit and the April 2016 claim are treated as a single "claim" first made under the 2015-2016 Policy.

35.     Therefore, there is no coverage under the 2016-2017 Policy for the claims in the *Sofer* suit.  Accordingly, Twin City has no duty to defend or indemnify Re/Max and/or Ellis for the claims against them in the *Sofer* suit under the 2016-2017 Policy.

WHEREFORE, Plaintiff, Twin City, prays that this Court enter the following relief:

A.      A declaration finding that Twin City owes no duty to defend or indemnify Re/Max and/or Ellis for the claims against them in the *Sofer* suit under the 2016-2017 Policy; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT V
## Prior Knowledge Exclusion Precludes Coverage for the *Sofer* Suit under the 2016-2017 Policy

36.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 19 above as if fully set forth herein.

37.     The Prior Knowledge Exclusion in the 2016-2017 Policy precludes coverage for claims "arising out of a negligent act, error omission or 'personal injury' occurring prior to the inception date of this policy if any 'insured' prior to the inception date knew or could have reasonably foreseen that such a negligent act, error, omission or 'personal injury' might be expected to be the basis of a 'claim.'"

11

38.     Re/Max and/or Ellis were aware of a claim and/or negligent acts, errors or omissions which might be the basis of a claim in April 2016 before the inception of the 2016-2017 Policy.

39.     Consequently, the claims in the *Sofer* suit fall within the Prior Knowledge Exclusion of the 2016-2017 Policy.

40.     Therefore, Twin City has no duty to defend or indemnify Re/Max and/or Ellis for the claims against them in the *Sofer* suit under the 2016-2017 Policy.

WHEREFORE, Plaintiff, Twin City, prays that this Court enter the following relief:

A.     A declaration finding that Twin City owes no duty to defend or indemnify Re/Max and/or Ellis for the claims against them in the *Sofer* suit under the 2016-2017 Policy; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT VI
## Known Loss Doctrine Precludes Coverage for the *Sofer* Suit under the 2016-2017 Policy

41.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 19 above as if fully set forth herein.

42.     Re/Max and/or Ellis were aware of a probable claim or loss in April 2016 before the inception of the 2016-2017 Policy.

43.     Thus, the Known Loss doctrine precludes coverage for the *Sofer* suit under the 2016-2017 Policy.

44.     Therefore, Twin City has no duty to defend or indemnity Re/Max and/or Ellis for the claims against them in the *Sofer* suit under the 2016-2017 Policy.

WHEREFORE, Plaintiff, Twin City, prays that this Court enter the following relief:

12

A.      A declaration finding that Twin City owes no duty to defend or indemnify Re/Max and/or Ellis for the claims against them in the *Sofer* suit under the 2016-2017 Policy; and

B.      For all such just and equitable relief, including costs of this suit.

Respectfully submitted,

TWIN CITY FIRE INSURANCE COMPANY

By:         _/s/ Michael J. Duffy_____
One of Its Attorneys

Michael J. Duffy (michael.duffy@wilsonelser.com)
Ashley L. Conaghan (ashley.conaghan@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)